UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Jose CAMARGO ALEJO,<br><br>Plaintiff,<br><br>vs.<br><br>VISTA DETENTION FACILITY, et al.,<br><br>Defendants | Case No.: 3:25-cv-0258-AGS-JLB<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IFP (ECF 9); (2) DENYING MOTION FOR COUNSEL APPOINTMENT (ECF 11); (3) DENYING MOTION FOR PRELIMINARY INJUNCTION & TRO (ECF 13); (4) DENYING MOTION TO AMEND (ECF 12); AND (5) GRANTING MOTION FOR AN EXTENSION OF TIME (ECF 10)** |
|---|---|

Plaintiff Jose Camargo Alejo, a detainee representing himself, brings a civil-rights action under 42 U.S.C. § 1983. On April 1, 2025, the Court denied plaintiff's request to proceed without prepayment of the filing fee and dismissed the action without prejudice. (ECF 3.) After an extension of time, the Court gave plaintiff until June 20, 2025, to have his case reopened by either paying the filing fee or submitting a properly supported motion to proceed *in forma pauperis*. (ECF 7.) Plaintiff timely moved to proceed IFP, but also moves for appointment of counsel, for a preliminary injunction and temporary restraining order, to amend his complaint, and for an extension of time. (ECF 9–13.)

## MOTION TO PROCEED *IN FORMA PAUPERIS*

As discussed in this Court's previous order, parties instituting any civil action in a federal district court must typically prepay filing fees of $405. 28 U.S.C. § 1914(a). An action may proceed without payment of fees only if the court grants the plaintiff leave to proceed IFP. *See* 28 U.S.C. § 1915(a); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

A prisoner who qualifies to proceed IFP remains obligated to pay the full amount

1

due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2). Thus, to proceed IFP, prisoners must submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. §§ 1915(a)(1), (2). The Court uses this financial information to calculate and assess an initial partial filing fee, when appropriate. *See id.*; *Hymas*, 73 F.4th at 767. Plaintiff's renewed IFP motion here (ECF 9) is incomplete because he has not included a certified copy of his trust account statement. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. That is, he filed a document entitled "Trust Account Statement," but it merely contains a form for *requesting* a copy of the statement from prison officials. (ECF 8, at 1.) Without an actual trust account statement, the Court cannot determine whether an initial partial filing fee may be required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1). Therefore, the Court denies the IFP motion, and the case remains dismissed.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also moves for appointment of counsel. (ECF 11.) There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). But a motion to appoint counsel necessarily depends upon plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). The Court may not appoint counsel until plaintiff has been determined eligible to proceed IFP. *See Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). So, Plaintiff's motion for appointment of counsel is denied without prejudice.

## PRELIMINARY INJUNCTION & TEMPORARY RESTRAINING ORDER

Next, we turn to plaintiff's motion for a preliminary injunction and temporary restraining order. Plaintiff seems to seek an order directing prison officials to provide him with a specific type of "square contact lenses" which, plaintiff asserts, will help prevent him from losing his vision. (ECF 13, at 2–3.)

2

Generally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject-matter jurisdiction over the lawsuit.[1] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). And this Court has no personal jurisdiction over any defendant, as no defendant has yet been served or appeared in this action. *See Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served [with the summons and complaint] in accordance with Fed. R. Civ. P. 4.").

A district court may, however, issue a temporary restraining order without written or oral notice to the adverse party if, among other things, plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Plaintiff has failed to certify "any efforts made to give notice." *See* Fed. R. Civ. P. 65(b)(1)(B). And because the case remains dismissed, there is no operative pleading before the Court. *See, e.g.*, *Jones v. Federal Corr. Ctr. Med. Dep't*, 20-CV-1385 JLS (BLM), 2020 WL 6942519, at *4 (S.D. Cal. 2020) (denying prisoner's IFP motion and denying the motion for TRO as moot). Thus, plaintiff's motion for a preliminary injunction and temporary restraining order is denied without prejudice.

---

[1] A plaintiff seeking a preliminary injunction must also establish the four factors, including a "likelihood of succeed on the merits," which were set forth in *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). "The standard for issuing a preliminary injunction is the same as for issuing a temporary restraining order." *Alcantara v. Archambeault*, 462 F. Supp. 3d 1073, 1077 (S.D. Cal. 2020).

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff moves for leave to amend his complaint (ECF 12), but while that motion was pending, he proceeded to file a first amended complaint (ECF 17). Thus, the motion for leave to file an amended complaint is denied as moot. *See* Fed. R. Civ. P. 15(a). As discussed above, however, the case will remain dismissed until plaintiff satisfies the filing-fee requirement.

## MOTION FOR EXTENSION OF TIME

Finally, the Court grants plaintiff's motion for an extension of time (ECF 10) to submit a copy of his prison trust account statement, as set forth below.

## CONCLUSION

Accordingly, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **DENIED**, and this case remains **DISMISSED** without prejudice. *See* 28 U.S.C. §§ 1915(a) & 1914(a).

2. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

3. Plaintiff's motion for a preliminary injunction and temporary restraining order is **DENIED** without prejudice.

4. Plaintiff's motion for leave to file an amended complaint is **DENIED** as moot.

5. Plaintiff's motion for more time to submit a copy of his trust account statement is **GRANTED**. To reopen this case, by **August 25, 2025**, plaintiff must either: (a) prepay the entire $405 civil filing and administrative fee in one lump sum <u>or</u> (b) file a renewed motion to proceed IFP, *which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint.* *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b). If plaintiff does neither, this case will remain dismissed without prejudice.

Dated: July 24, 2025

Hon. Andrew G. Schopler
United States District Judge